UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. C-06-563 |
| | § | |
| CITGO PETROLEUM CORPORATION | § | |
| CITGO REFINING AND CHEMICALS | § | |
|     COMPANY, L.P. | § | |
| PHILIP D. VRAZEL | § | |

**ORDER**

Pending before the Court are (1) CITGO's Motion to Strike Surplusage From Counts One, Four and Five (Dkt. #35); (2) Philip Vrazel's Motion to Strike Surplusage From Counts One and Three (Dkt. #61); and (3) Philip Vrazel's Motion to Strike Surplusage From Counts Four and Five (Dkt. #65). Having considered the motions, the Government's response, and the relevant law, the Court is of the opinion that the above motions should be DENIED.

Defendants maintain that several portions of the Indictment amount to surplusage and should be stricken under Federal Rule of Criminal Procedure 7(d). Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." To be stricken, surplusage must be "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (citations omitted). Because this is a strict standard, surplusage is rarely stricken. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). Additionally, when information in an indictment is relevant to the charged offense, it should not be stricken no matter how prejudicial it may be. *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990).

**I. Count One**

Count One charges a violation of EPA regulations governing certain aqueous waste streams that contain benzene. (Dkt. #1 at 4). CITGO Petroleum Corporation and CITGO Refining and

Chemicals Company, L.P. (collectively "CITGO"), and Philip Vrazel ("Vrazel") contend that several references to benzene made in Count One are gratuitous and unnecessary. Defendants specifically object to paragraph three, which reads as follows:

> Congress and the EPA have established that benzene is a hazardous air pollutant. EPA placed benzene on the list of pollutants determined to be hazardous in 1977, based on specific reports which strongly suggested an increased incidence of leukemia in humans exposed to benzene. 42 Federal Register 29332 (1977). Congress listed benzene as a hazardous air pollutant in 1990. Title 42, United States Code, Section 7412(b).

(Dkt. #1 at 1-2).

The excerpt above provides information explaining why the EPA has promulgated complex benzene regulations. Count One charges CITGO with a violation of these very regulations. (Dkt. #1 at 4-5). Therefore, the above information aids in understanding the complex regulations in question and provides helpful context. Such information is relevant and may be included in an indictment. *United States v. Hartesell*, 127 F.3d 343, 353 (4th Cir. 1997). Accordingly, no information shall be stricken from Count One of the Indictment.

## II. Count Three

Count Three charges a violation of EPA regulations which mandate the submission of reports identifying points of benzene waste generation. (Dkt. #1 at 7). Vrazel maintains that the Court should strike the following language from Count Three:

> . . . . and PHILIP D. VRAZEL, were told specifically that the EPA and the TCEQ required the annual TAB Report to identify each point of generation for benzene waste at the CITGO East Plant Refinery. The defendants were also told specifically that to comply with the applicable regulations, the report should identify hundreds or thousands of points of benzene waste generation at the CITGO East Refinery and not just twelve or thirteen.

(Dkt. #1 at 6-7). Vrazel claims that including the above information in the Indictment violates his right to effectively confront and cross examine witnesses under *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, prerecorded out-of-court statements were introduced as evidence in a

criminal trial. *Id.* at 40. The Supreme Court found that conviction based on such evidence violated the Confrontation Clause. *Id.* at 68.

*Crawford* is currently inapplicable to the case at bar. Out-of-court statements are not presently being offered as evidence. Instead, information which the Government intends to present and prove at trial is described in the Indictment. (Dkt. #69 at 6). Since an indictment is not evidence, *United States v. Ross*, 58 F.3d 154, 160 n.10 (1995), and because the government intends to present a witness subject to cross examination at trial (Dkt. #69 at 6), Vrazel's reliance on *Crawford* is misplaced. Furthermore, the Court finds that the information above is relevant to the offense charged in Count Three. Therefore, no information in Count Three shall be stricken.

## III. Counts Four and Five

Counts Four and Five charge violations of EPA regulations governing emissions standards from petroleum wastewater systems. (Dkt. #1 at 11-12). CITGO and Vrazel maintain that the following references to benzene should be stricken as surplusage:

> Each oil water separator tank, slop oil tank, and storage vessel subject to the benzene NSPS/QQQ standards was required to be equipped and operated with either a fixed roof or floating roof. Title 40, Code of Federal Regulations, Sections 60.692.3 and 60.693.2.
> . . . .
> From on or about January, 1994, and continuing to on or about May, 2003, in the Southern District of Texas, and elsewhere, the defendants,
>
> CITGO PETROLEUM CORPORATION,
> and CITGO REFINING AND CHEMICALS COMPANY, L.P.,
>
> did knowingly operate a new stationary source, an oil water separator, which may emit a hazardous air pollutant, benzene, that is, tank 116 at the Citgo East Plant Refinery, without an emission control device; to wit, a fixed or floating roof to prevent the emission of benzene into the environment.
> . . . .
> From on or about January, 1994, and continuing to on or about May, 2003, in the Southern district of Texas, and elsewhere, the defendants,
>
> CITGO PETROLEUM CORPORATION,
> and CITGO REFINING AND CHEMICALS COMPANY, L.P.,

> did knowingly operate a new stationary source, an oil water separator, which may emit a hazardous air pollutant, benzene, that is, tank 117 at the Citgo East Plant Refinery, without an emission control device; to wit, a fixed or floating roof to prevent the emission of benzene into the environment.

(Dkt. #1 at 9,11-12). Defendants contend that the above references to benzene only cause confusion and "blur the elements." Defendants stress that the NSPS/QQQ regulations are referenced as "benzene NSPS/QQQ regulations," yet none of the regulations underlying Counts Four and Five expressly mention benzene. Defendants further argue that benzene emissions are not elements of charges presented in Counts Four and Five, and therefore should be stricken. Vrazel also contends that references to benzene in Counts Four and Five may cause him prejudice, as he is not charged in regard to these Counts, but is charged in Count Three, which involves benzene.

The Government argues that the above references to benzene are permissible. According to the Government, the characterization "benzene NSPS/QQQ standards" is proper because benzene is a Volatile Organic Compound ("VOC"), and the NSPS/QQQ standards are broadly titled as "Standards of Performance for VOC Emissions from Petroleum Wastewater Systems." (Dkt. #69 at 7). Furthermore, the Government claims that references to possible benzene emissions are proper because they aid in understanding why CITGO is subject to such regulations.

After examining the regulations and the precise language of the Indictment, the Court finds that the above mentioned references to benzene are relevant to Counts Four and Five. The references to benzene emissions are relevant because they aid in understanding the NSPS/QQQ regulations. The reference made to "benzene NSPS/QQQ regulations" is not substantively incorrect or sufficiently prejudicial to warrant that it be stricken. Accordingly, the above references to benzene in Counts Four and Five will not be stricken.

## Conclusion

For the foregoing reasons CITGO's Motion to Strike Surplusage From Counts One, Four and

Five (Dkt. #35) is DENIED, Philip Vrazel's Motion to Strike Surplusage From Counts One and Three (Dkt. #61) is DENIED and Philip Vrazel's Motion to Strike Surplusage From Counts Four and Five (Dkt. #65) is DENIED.

So ORDERED this 6th day of March, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE