**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CR. NO. C-06-563** |
| § | |
| **CITGO PETROLEUM CORPORATION** § | |
| **CITGO REFINING AND CHEMICALS** § | |
| **COMPANY, L.P.** § | |
| **PHILIP D. VRAZEL** § | |

**ORDER**

Pending before the Court are CITGO's Motion to Dismiss Count Three of the Superseding Indictment (Dkt. #292) and Philip D. Vrazel's Motion to Dismiss Count Three of the Superseding Indictment (Dkt. #328). Having considered the motions, responses, record and the relevant law, the Court is of the opinion that both motions should be GRANTED.

**Background**

Prior to the date on which the original indictment (Dkt. #1) was returned, Defendants CITGO Petroleum Corporation and CITGO Refining and Chemicals Company, L.P. (collectively "CITGO") and Philip D. Vrazel ("Vrazel") learned that they were being investigated by a federal grand jury in Corpus Christi, Texas. Defendants then sought review of the Government's charging decision with the management of the Environmental Crimes Section of the Department of Justice ("ECS"). ECS agreed to meet with Defendants on the condition that they enter into tolling agreements for certain potential charges. Defendants agreed to the Government's request and ultimately signed several successive tolling agreements which were recorded in a series of correspondence.

On February 14, 2006, in a letter directed to Defendants, the Government requested that

"Mr. Vrazel and Citgo Petroleum Corporation, Citgo Refining & Chemicals, L.P., through an authorized officer, prepare and execute a waiver of the statute of limitations for the potential false statement alleged in the April 5, 2001 TAB report." (Dkt. #97-2).[1]  CITGO responded in a letter dated February 21, 2006, agreeing to "a 60 day extension of the statute of limitations, i.e., until June 5, 2006, within which the government may bring a possible false statement charge related to the April 5, 2001 TAB report." (Dkt. #97-3)(emphasis in original).  Vrazel responded in a letter dated February 21, 2006, agreeing to "waive the statute of limitations until June 5, 2006, in regard to any and all potential charges outlined in your letter of February 14, 2005 (2006)." (Dkt. #143-3).  CITGO and Vrazel subsequently extended their tolling agreements through September 5, 2006 in further correspondence.  (Dkt. #97-5); (Dkt #97-4); (Dkt. #143-4); (Dkt. #143-5).  In each of these tolling agreement extension letters, CITGO[2] and Vrazel[3] specifically extended the period of limitations as to a "false statement charge."

On August 9, 2006, the original indictment was returned. (Dkt. #1). Count Three of the original indictment reads in part as follows:

---

[1] The Government's letter is incorrectly dated as of February 14, 2005.  Instead, it should have been dated as of February 14, 2006.  The same letter also incorrectly states that any false statements by Defendants' were made in an April 5, 2001 Total Annual Benzene ("TAB") report.  The proper date of the TAB report in question is April 9, 2001.  (Dkt. #1 at 7).

[2] "[CITGO hereby agrees] to another 30-day extension of the statute of limitations, i.e., until September 5, 2006, within which the government may bring a possible false statement charge related to the April 5, 2001 TAB Report." (Dkt. #97-5).

[3] "[Vrazel hereby agrees] to waive the five year statute of limitations provided in 18 U.S.C. § 8232(a) [sic] with regard to whether false statement was made in CITGO's April 5, 2001 TAB report until September 5, 2006. [Vrazel] agrees that he will not assert the statute of limitations as a defense or bar to any false statement charge filed between August 5, 2006 and September 5, 2006 relating to the August 5, 2001 TAB report." (Dkt. #143-5).

>  21. On or about April 9, 2001, in the Southern District of Texas, and elsewhere, the defendants,
>
>  CITGO PETROLEUM CORPORATION,
>  CITGO REFINING AND CHEMICALS COMPANY, L.P.,
>  and PHILIP D. VRAZEL,
>
>  knowingly filed, and caused to be filed, a report with the TNRCC, as required pursuant to the Clean Air Act, in that the defendants did file the annual TAB report for the operating year 2000 and in said report identified only thirteen (13) points of generation for benzene waste streams at the CITGO East Plant Refinery, when the defendants then and there well knew that the CITGO East Refinery contained more than thirteen (13) points of benzene waste generation, and did omit and fail to report the actual number of benzene waste streams at the points of generation at the CITGO East Plant Refinery, as required by regulation.
>  All in violation of Title 42, United States Code, Section 7413(c)(1); Title 18, United States Code, Section 2; and, Title 40, Code of Federal Regulations, Section 61.357.

(Dkt. #1 at 7).

On December 22, 2006, both CITGO (Dkt. #33) and Vrazel (Dkt. #50) filed motions to dismiss Count Three of the original indictment. On March 7, 2007, the Court heard oral argument on these motions. On March 8, 2007, the Court ruled from the bench, finding that Defendants' tolling agreements extended the limitations period in question only as to "false statement charges." The Court interpreted the operative tolling agreements as effectively extending the limitations periods for false statement charges under 42 U.S.C. § 7413(c)(2)(A) ("Section 7413(c)(2)(A)") and 18 U.S.C. § 1001. The Court further found that the operative tolling agreements did not extend the limitations period for charges under 42 U.S.C. § 7413(c)(1) ("Section 7413(c)(1)"). Because the Government charged violations of 42 U.S.C. § 7413(c)(1) outside of the limitations period pertaining to that statute, the Court dismissed Count Three. (Dkt. #184 at 7).

On May 9, 2007, the Government filed a superseding indictment with the Court. Count

Three of the superseding indictment reads in part as follows:

> 21. On or about April 9, 2001, in the Southern District of Texas, and elsewhere, the defendants,
>
> CITGO PETROLEUM CORPORATION,
> CITGO REFINING AND CHEMICALS COMPANY, L.P.,
> and PHILIP D. VRAZEL,
>
> did knowingly make, and caused to be made, a false material statement, in a report, required to be filed with the TNRCC, pursuant to the Clean Air Act, in that the defendants did file an annual TAB report for the operating year 2000 which identified only thirteen (13) points of generation for benzene waste streams at the CITGO East Refinery, when the defendants then and there well knew that CITGO East Refinery contained more than thirteen (13) points of benzene waste generation, and by omitting and failing to report the actual number of benzene waste streams, as determined at the point of generation, the defendants did under report the TAB and BQ for the CITGO Corpus Christi refinery, as required by regulation.
> All in violation of Title 42, United States Code, Section 7413(c)(2)(A); Title 18, United States Code, Section 2; and, Title 40, Code of Federal Regulations, Section 61.357.

(Dkt. #287 at 7). On May 10, 2007, CITGO filed its present motion to dismiss Count Three of the superseding indictment. (Dkt. #292). On May 21, 2007, Vrazel filed his present motion to dismiss Count Three of the superseding indictment. (Dkt. #328).

## Discussion

Under certain circumstances, 18 U.S.C. § 3288 ("Section 3288") permits the government to return a new indictment and file it with the Court. The statute provides as follows:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable

statute of limitations, or some other reason that would bar a new prosecution. 18 U.S.C. § 3288. The first sentence of the statute permits the Government to return a "new indictment" within six months if: (1) an indictment; (2) charging a felony; (3) was dismissed; (4) for any reason; (5) after the period prescribed by the applicable statute of limitations has expired. *Id*. The second sentence of the statute, however, limits the application of the first sentence. The second sentence does not permit a new indictment to be filed when the reason for the dismissal was: (1) the failure to file the indictment within the period prescribed by the applicable statute of limitations; or (2) some other reason that would bar a new prosecution. *Id.* The application of this statute is further limited by a body of caselaw which stands for the proposition that a new indictment cannot broaden or substantially amend the charges contained within an original indictment. *E.g., United States v. Italiano*, 894 F.2d 1280, 1282-83 (11th Cir. 1990); *see United States v. Schmick*, 904 F.2d 936, 940-41 (5th Cir. 1990). If a new indictment is properly returned and filed, the statute mandates that it not be barred by any statute of limitations. 18 U.S.C. § 3288.

**I.     First Sentence of Section 3288**

In the case at bar, it appears that all of the elements required by the first sentence of Section 3288 have been established. It is uncontested that Count Three of the original indictment charged a felony and was dismissed for "any reason."[4] It is also clear that the indictment was dismissed "after the period prescribed by the applicable statute of limitations has expired." 18 U.S.C. § 3288. Because all relevant periods of limitations had expired by the time Count Three of the original

---

[4] Section 3288 is applicable when a single count of an indictment is dismissed. *See, e.g., United States v. Clawson*, 104 F.3d 250 (9th Cir. 1996).

indictment was dismissed, the first sentence of Section 3288 does not pose a roadblock in this case.[5]

## II.     Second Sentence of Section 3288

The Government maintains that its new version of Count Three is not prohibited by the second sentence of Section 3288 because it has substituted 42 U.S.C. § 7413(c)(2)(A) for 42 U.S.C. § 7413(c)(1). According to the Government, this substitution renders a favorable period of limitations applicable while not broadening or substantially amending the charges presented in the original indictment. To support this proposition, the Government notes that: (1) essentially the same factual allegations are relied upon in both versions of Count Three; and (2) factual notice should be considered the "touchstone" when determining whether the charges have been broadened or substantially amended.

The Court is not persuaded by the Government's argument. In this case, the Court dismissed the original version of Count Three for the reason that the Government failed to file its original indictment within the period prescribed by the applicable statute of limitations, not because of a mere statutory miscitation.[6] Accordingly, the Court's dismissal was on the merits, with prejudice. *See United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916). This is consistent with the plain language of Section 3288, which provides in the relevant part that "[t]his section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the

---

[5] It appears that the term "statute of limitations" in Section 3288 should be interpreted to include the period during which Defendants waived their limitations defense under the tolling agreements.

[6] The Government has not maintained that it unintentionally cited 42 U.S.C. § 7413(c)(1). Instead, the Government has argued that the statute originally cited was within the scope of the tolling agreements. (Dkt. #97 at 7-8). The Court has rejected this argument.

applicable statute of limitations . . . ." *See also United States v. Sorcher*, No. 05-CR-0799, 2007 WL 2126302, *8 n. 7 (E.D.N.Y. July 25, 2007)(explaining that Section 3288 is not intended to permit new indictments when prior dismissals are made with prejudice).

## Conclusion

CITGO's motion to dismiss Count Three is hereby GRANTED. Vrazel's motion to dismiss Count Three is hereby GRANTED. Count Three is hereby DISMISSED as to CITGO and Vrazel.

So ORDERED this 21st day of December, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE