UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,    Plaintiff, | § § § | |
| v. | § § | CRIMINAL ACTION NO. C-06-563 |
| CITGO PETROLEUM CORPORATION, CITGO REFINING AND CHEMICALS COMPANY, L.P.,    Defendants. | § § § § § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is the Motion of Community Members[1] to be Declared Victims under the Crime Victim[s'] Rights Act (Dkt. No. 776), to which Defendants CITGO Petroleum Corporation and CITGO Refining and Chemicals Company, L.P.'s (collectively "CITGO") have responded (Dkt. No. 780).

In April 2008, the Government moved to have more than 300 members of the Corpus Christi community—including the same Community Members bringing the present motion—designated as victims under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. (Dkt. No. 574.) Shortly thereafter, the Court began hearing testimony from a representative sample of the alleged victims—including six of the Community Members[2]—as well as CITGO employees, Texas Commission on Environmental Quality agents, and a series of experts offered by the Government and CITGO.

More than a year ago, the Court granted CITGO's Motion to Exclude the Government's Purported "Victim" Witnesses (Dkt. No. 575), concluding that these individuals could not be considered victims under CVRA because they could not demonstrate a causal connection between their alleged injuries and the offenses of which CITGO was convicted. (Dkt. No. 729.) The Government filed a motion to reconsider the Court's Order (Dkt. 733), which the Court denied on

---

1. The Community Members include James Galloway, Joel Mumphord, Rosalinda Armadillo, Jewell Allen, Mavis Branch, Feliciano Cantu, Robe Garza, Diana Linan, Thelma Morgan, James Shack, Jean Salone, Julian Garcia, John Garcia, and Betty Whiteside.
2. Mumphord, Armadillo, Linan, Morgan, Salone, and Whiteside testified.

July 27, 2011. (Dkt. No. 737.) Although the CVRA provides that "[i]f the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus," 18 U.S.C. § 3771(d)(3), neither the Government nor the Community Members sought relief from the Court's rulings. Instead, roughly a year later, the Community Members filed the present motion asking the Court to consider "two new arguments, never advanced by the Government, to be recognized as 'victims.'" (Dkt. No. 776 at 2.)

As CITGO correctly points out, the Community Members could have retained counsel, appeared on their own, and sought to offer arguments and evidence independent of the Government during the April 2008 pre-sentencing hearings. *See* 18 U.S.C. § 3771(d)(1). The eight Community Members who did not testify at these hearings also could have sought to testify on their own behalf. *Id.* Instead, the Community Members decided to rely on the Government to represent their interests. Thus, while the Community Members are correct that they have the right to file their own motion to be declared victims under the CVRA, they should have done so four years ago, not two months before sentencing is set to occur in this matter. (*See* Dkt. No. 769 (setting sentencing hearing on September 10, 2012).)

Because the Community Members have not presented any new evidence or offered any explanation as to why they could not have raised their two "new" arguments four years ago, their Motion to be Declared Victims under the CVRA (Dkt. No. 776) and related Motion for an Expedited Ruling (Dkt. No. 777) are **DENIED**.

It is so **ORDERED**.

**SIGNED** this 22nd day of August, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE