UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CRIMINAL ACTION NO. C-06-563** |
| § | |
| **CITGO PETROLEUM CORPORATION,** § | |
| **CITGO REFINING AND CHEMICALS** § | |
| **COMPANY, L.P.,** § | |
| § | |
| **Defendants.** § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is the Motion of the United States for Reconsideration of the Court's November 6, 2012 Order Denying the Government's Motion to Empanel a Sentencing Jury Pursuant to Fed. R. Crim P. 23 and 18 U.S.C. § 3581(d) (Dkt. No. 851), to which Defendants CITGO Petroleum Corporation and CITGO Refining and Chemicals Company (collectively "CITGO") have responded (Dkt. No. 852) and the Government has replied (Dkt. No. 853).

**I. Background**

On September 17, 2012, the Government moved to empanel a sentencing jury pursuant to Fed. Fed. R. Crim P. 23 and 18 U.S.C. § 3571(d) in order to determine the facts necessary to support a fine based upon CITGO's gross, pecuniary gain pursuant to the Alternative Fines Act, 18 U.S.C. § 3571(d). (Dkt. No. 822.) Under 18 U.S.C. § 3571(c), an organizational defendant that has been found guilty of a criminal offense for which no fine amount is specified by separate statute may be sentenced to a maximum statutory fine of $500,000. Under the Alternative Fines Act, however, a higher fine may result "[i]f any person derives pecuniary gain from the offense . . . unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process." 18 U.S.C. § 3571(d) (emphasis added).

1

In support of its motion to empanel a sentencing jury, the Government argued that holding a separate jury trial for sentencing would not unduly complicate or prolong the sentencing process because empanelling a jury "should require less than one day" and the facts necessary to impose a sentence under § 3571(d) could be "easily presented" to a jury. (Dkt. No. 822 at 7.) The Court disagreed, and on November 6, 2012, it entered an Order denying the Government's motion on the grounds that empanelling a sentencing jury would unduly complicate or prolong the sentencing process under 18 U.S.C. § 3571(d). (Dkt. No. 846.) The Court based its finding on the grounds that: (1) the Court would first have to determine the appropriate measure of "gross gain" under the Alternative Fines Act, based on the various theories offered by the United States Probation Office, the Government, and CITGO; (2) selecting an unbiased jury would be even more complicated and time-consuming than it was five years ago given the extensive publicity this case has received in recent months; (3) sentencing would likely require the resolution of numerous evidentiary disputes, testimony from multiple witnesses, and the presentation of a significant amount of evidence; and  (4) the sentencing jury would be required to make complex determinations involving the refinery process and pecuniary gain without the benefit of being present at the initial trial. Because imposing a fine under the Alternative Fines Act would necessarily involve a sentencing jury, and because a sentencing jury would "unduly complicate or prolong the sentencing process" under 18 U.S.C. § 3571(d), the Court declined to impose a fine under that Act.

The Government now moves the Court to reconsider its decision.

**II. Legal Standard**

Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975). Absent specific guidance from the Federal Rules of Criminal Procedure, courts should apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration. *U.S. v. Rollins*, 607 F.3d

500, 502 (7th Cir. 2010) (citing *U.S. v. Healy*, 376 U.S. 75 (1964)) ("[T]he Supreme Court . . . Justices have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.").

Because the orders at issue are interlocutory orders, the Court should apply FED. R. CIV. P. 59(e)'s standards to the Government's motions for reconsideration. *See J.D. Fields & Co., Inc. v. U.S. Steel Int'l., Inc.*, 690 F. Supp. 2d 487, 510—11 (S.D. Tex. 2009). A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478—79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127—28 (2d ed. 1995) (footnotes omitted)); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863—64 (5th Cir. 2003).

Reconsideration is an "extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, over which a district court has considerable discretion to grant or to deny. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). This is so, because "where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted, to battle for it again." *Rana v. Spectra Energy Corp.*, 2010 WL 3257523, at *2 (S.D. Tex. Aug. 17, 2010) (citation omitted).

**III. Analysis**

The Government first argues that the Court erred in rejecting the Government's definition of "gross gain" under § 3571(d). The Government's argument misconstrues the Court's Order, which did not rule on the appropriate definition of "gross gain."

The Government next argues that the Court's reliance on *United States v. Sanford Ltd.*, — F. Supp. 2d —, 2012 WL 2930770 (D.D.C. July 19, 2012), and *United States v. BP Products North America Inc.*, 610 F. Supp. 2d 655 (S.D. Tex. 2009), is misplaced. The Court cited *Sanford* and *BP Products* for the limited purpose of showing that courts have defined "gross gain" in a number of ways and to demonstrate "the myriad practical complexities that can arise in proving a 'gross gain' to an organizational defendant in an environmental crime case.'" (Dkt. No. 846 at 7 (quoting *Sanford*, 2012 WL 2930770 at *12)). The Government does not explain how the Court's limited reliance on these cases is erroneous.

The Government next repeats its previous claim that convening a sentencing jury would not unduly complicate or prolong the sentencing process. In that regard, the Government's motion endeavors to relitigate arguments that it has already raised in these proceedings. Arguments showing general disagreement with the Court's November 6, 2012 Order are insufficient to warrant a setting aside of that Order. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Moreover, the Government fails to show that the Court committed manifest error in concluding that empanelling a sentencing jury would unduly complicate or prolong the sentencing process in this case.

Finally, the Government argues for the first time that the Constitution requires a jury to resolve disputed issues of fact related to establishing the criminal fine beyond the statutory maximum, and "neither the district court, the defendant, nor the government can sidestep that requirement without the consent of all three." (Dkt. No. 853 at 2 (citing *Singer v. United States*, 380 U.S. 24 (1965); *United States v. U.S. Dist. Court, E. Dist. Cal.*, 464 F.3d 1065 (9th Cir. 2006)).) The Government is correct that if the Court were to impose a fine under the Alternative Fines Act, the Constitution would require a jury determination of facts related to "gross pecuniary gain," unless both Parties and the Court consent to a sentencing judge. *See Id.*; *Southern Union Co. v. United States*, — U.S. —, 132 S.Ct. 2344

(2012). However, the Court's decision as to whether to impose a fine under the Alternative Fines Act at all is discretionary and does not require the Government's consent. *BP Products*, 610 F. Supp. 2d at 690 (quoting H.R. REP. NO. 98-906, at 17 (1984)). Because the Court has ultimately decided not to impose a fine under the Alternative Fines Act, there are no issues of fact related to gross pecuniary gain to decide, and there is therefore no need for a jury.

### IV. Conclusion

For the reasons set forth above, the Motion of the United States for Reconsideration of the Court's November 6, 2012 Order Denying the Government's Motion to Empanel a Sentencing Jury Pursuant to Fed. R. Crim P. 23 and 18 U.S.C. § 3581(d) (Dkt. No. 851) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 20th day of December, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE